CARLOS HAMMOND *vs.* WILLIAM M. REYNOLDS AND WIFE.

Kennebec.    Opinion August 3, 1881.

*R. S., c. 81, § § 57, 58.    Mortgage.    Attachment.*

One who has paid to the person entitled thereto the amount due upon a mortgage of real estate, (claiming to have attached the right to redeem,) and received the release of the mortgagee's interest therein, as provided by R. S., c. 81, § § 57, 58, may maintain a writ of entry for possession against the owner of the equity of redemption.

Such an action may be maintained under the circumstances stated, even though the attachment was not valid.

ON EXCEPTIONS.

This was a writ of entry for possession of certain real estate in Sidney. The writ was dated June 28, 1878.

At the trial, the plaintiff introduced a mortgage of demanded premises from T. Everett Reynolds to Eunice C. Bean, dated September 20, 1869, and duly recorded; an assignment of same from Bean to Guild dated April 15, 1875, and duly recorded; a release of same from Guild to plaintiff, dated September 28, 1875, duly recorded. Also notice of foreclosure of same by Bean, October 3, 1872, duly recorded; the writ, *Hammond* v. *William M. and Thomas Reynolds*, dated June 4, 1874, and officer's attachment of real estate of same date; the note declared on, judgment in same suit, and execution issued thereon, and officer's return on said execution, dated July 15, 1876; and deed of equity of William M. Reynolds from officer of same date to plaintiff, duly recorded.

It was admitted that the equity of T. Everett Reynolds in the demanded premises was attached at the suit of plaintiff in a former action; that the equity was sold upon the execution recovered by plaintiff to one Andrew Trask, and by him conveyed to the female defendant, April 14, 1874, by deeds duly recorded.

It was also admitted that the conveyance from Trask to the female defendant was subsequent to the date of the note upon

which judgment was rendered against William M. Reynolds, and that (for the purpose of this trial only) it was either directly or indirectly paid for from the property of William M. Reynolds, the husband of the female defendant.

The defendants introduced deed from Thomas Reynolds to Thomas E. Reynolds, [T. Everett Reynolds] dated April 23, 1867, of the demanded premises, duly acknowledged, and recorded August 29, 1863.

The case was referred to the presiding justice with right to except.

The court ruled that plaintiff should recover judgment "for possession of the demanded premises, subject to the rights of Thomas Reynolds and the defendants, while his servants, to occupy the buildings thereon."

And the defendants alleged exceptions.

*Potter and Andrews*, for the plaintiff, cited : 4 Kent, Com. 109 ; 2 Bouvier's Law Dict. 175 ; 2 Wash. R. P. 180 ; *Savage* v. *Hall*, 12 Gray, 363 ; *Mallory* v. *Hitchcock*, 29 Conn. 135 ; *Simonton* v. *Gray*, 34 Maine, 50 ; 1 Hilliard, R. P. 425.

*G. C. Vose*, for the defendants.

The legal title was never in the debtor, William M. Reynolds. The only ground upon which the plaintiffs claimed to recover was that the conveyance from Trask was paid for from the funds of said William M. Reynolds. If so the wife would hold the title in trust for her husband, but the legal title never having been in him, a writ of entry cannot be maintained.

It is a well established principle that an equitable estate will not sustain a writ of entry. *Crane* v. *Crane*, 4 Gray, 323 ; *Chapin* v. *U. Society*, 8 Gray, 580.

If the plaintiff seeks to hold it in the hands of the wife, as having been paid for out of the husband's property, he must pursue his remedy in equity. *Low* v. *Marco*, 53 Maine, 45 ; *Webster* v. *Folsom*, 58 Maine, 232 ; *Sampson* v. *Alexander*, 66 Maine, 182.

It is only when the legal title has once been in the husband and has been conveyed by him in fraud of creditors, that a levy

will avail to give a creditor such a seizin as will enable him to maintain a writ of entry against the wife. *Webster* v. *Folsom,* 58 Maine, 232.

The release so required to be given by statute is for the purpose of preventing the plaintiff's attachment from being lost, it was never intended to operate as a mode of obtaining title to real estate.

The release was, we submit, improperly obtained; and if so, certainly cannot be used by plaintiff as the basis of an action.

It was obtained upon the representation (as recited in the release) that the equity of William M. Reynolds, was attached, when as we have seen, the equity was in his wife.

The very statute under which this proceeding was had clearly indicates that it is to be used only when the legal estate is in the debtor, for it provides that upon tender of the amount due on the mortgage, the title and interest of the mortgage shall vest in the plaintiff, subject to the defendant's right to redeem. In this case, the defendant had no right to redeem, and Mrs. Reynolds, in whom was the legal title, had under this statute no right to do so.

And again, § 58 provides that the plaintiff shall thereupon hold such title in trust for the defendant, and subject to his right of redemption, without power of alienation, &c.

WALTON, J. It is provided in the Revised Statutes, c. 81, § § 57-58, that when a right to redeem real estate under mortgage is attached, the plaintiff in the suit may pay or tender to the person entitled thereto, the amount required to discharge the mortgage, and that thereby the title and interest of such person shall vest in the plaintiff, and that such person shall release his interest in the premises; and if he refuses, may be compelled to do so by bill in equity. The plaintiff, claiming that he had made such an attachment of the equity, paid to an assignee of the mortgage the amount due upon it, four hundred and thirteen dollars and fifty cents, and obtained the release provided for in the statute. The plaintiff now brings this action (a writ of entry) to recover possession of the premises; and the question is whether his title, thus obtained from the assignee of the mortgage, is sufficient to

maintain the suit against the defendants (husband and wife), the latter claiming to be the owner of the equity of redemption. We think it is. The presiding judge, to whom the case was submitted upon an agreed statement of facts, so ruled. We think the ruling was correct. It may be true, as the defendants contend, that the equity was not legally attached, and that the assignee of the mortgage could not have been compelled to release his interest to the plaintiff; but he did do so, and accepted the plaintiff's money, and still retains it; and, so far as appears is content to allow the release to remain unrescinded; and we think it is not competent for the defendants to interfere and claim to rescind it for him. It is no concern of theirs. If they choose to redeem, and still have a right to do so, they can redeem from the plaintiff as readily as they could have done from his releasor. The statute gives them this right. As their titles now stand, the plaintiff's is superior to theirs, and he is entitled to possession of the premises, as ruled by the judge at *nisi prius.*

*Exceptions overruled.*

Appleton, C. J., Barrows, Virgin, Libbey and Symonds, JJ., concurred.